[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13618
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cr-00003-RH-CAS-9


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LATOSHA DAWN GLOVER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 20, 2013)

Before HULL, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

After pleading guilty to conspiracy to defraud the government, in violation of 18 U.S.C. § 286, Latosha Dawn Glover appeals her 66-month sentence, which the district court ordered be served consecutively to Glover's undischarged three-year state sentence. On appeal, Glover argues that her 66-month sentence is procedurally and substantively unreasonable. After review, we affirm.

## I. GENERAL PRINCIPLES

We review the reasonableness of a sentence using a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591, (2007). In reviewing sentences for reasonableness, we determine, first, whether the district court committed any significant procedural error, such as miscalculating the guidelines range, treating the guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to explain adequately the chosen sentence. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008).[1]

Second, we examine whether the sentence was "substantively reasonable under the totality of the circumstances." United States v. Turner, 626 F.3d 566,

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

573 (11th Cir. 2010).  The defendant bears the burden to show her sentence is unreasonable in light of the record and the § 3553(a) factors.  Pugh, 515 F.3d at 1189.  The abuse of discretion standard "allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment."  United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

## II.  PROCEDURAL REASONABLENESS

As to procedural error, Glover argues that the district court erred by ordering that her 66-month sentence be served consecutively to an undischarged three-year state sentence without considering the § 3553(a) factors.[2]

Under 18 U.S.C. 3584, "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment," the district court has the discretion to run the prison term "concurrently or consecutively."  18 U.S.C. § 3584(a).  Further, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Id.  In deciding whether to impose a concurrent or consecutive term, § 3584 requires the district court to "consider, as to each offense for which a term of imprisonment is being imposed," the § 3553(a) factors.  Id. § 3584(b).

---

[2]When Glover committed the instant federal fraud offense, she was serving five years' probation for a 2009 Florida conviction for cheating by passing bad checks.  In March 2011, after Glover's February 2011 arrest on the federal fraud charge, a Florida state court revoked her probation and sentenced her to three years' imprisonment.

Likewise, under U.S.S.G. § 5G1.3, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c). Both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3 "evince a preference for consecutive sentences when imprisonment terms are imposed at different times." United States v. Ballard, 6 F.3d 1502, 1506 (11th Cir. 1993).

Here, the record reflects that the district court considered the § 3553(a) factors before ordering Glover's federal sentence be served consecutive to her state sentence. After Glover requested that the district court order her federal sentence to run concurrently with her state sentence, the district court stated that it had considered the § 3553(a) factors and discussed several of them, and then imposed a 66-month sentence. Glover then asked whether the sentence was to run concurrently with her state sentence, to which the district court replied, "It is not. It's a separate offense. The law in general provides that it's a separate sentence, it will be served separately."

Although the district court, in clarifying that the sentence would run consecutively, did not repeat its explanation of why the § 3553(a) factors supported Glover's sentence or specifically discuss how the § 3553(a) factors justified a consecutive sentence, Glover cites no authority requiring the district court to do so.

4

This Court has concluded that an acknowledgment by the district court that it has considered the § 3553(a) factors is generally sufficient.  See United States v. Scott, 426 F.3d 1324, 1329-30 (11th Cir. 2005).  Moreover, as the district court noted, the general preference for consecutive sentences in separate criminal cases militated in favor of consecutive terms in Glover's case.  Accordingly, Glover has not shown that the district court failed to consider the § 3553(a) factors in determining whether to run her federal sentence consecutively or concurrently to her state sentence.

### III.  SUBSTANTIVE REASONABLENESS

Glover also has not shown that the district court's 66-month federal sentence, run consecutively to her three-year state sentence, was substantively unreasonable.

Glover participated in an extensive fraud ring in which the members obtained identification information, electronically filed tax returns, and opened checking accounts at banks to receive the fraudulently obtained tax refunds.  As part of this scheme, Glover: (1) supplied her sister, the ringleader of the conspiracy, with names and social security numbers with which to file false tax returns; (2) copied identification information into notebooks and added fictitious e-mail addresses to facilitate electronic filing; and (3) prepared false tax returns using the information from the notebooks.

In 2011, Glover and her sister filed 211 fraudulent tax returns, claiming $1,136,888.00, and the IRS issued them $326,149.00 in refunds. These tax returns involved the identities of 176 individuals who died in 2010. The deceased individuals' identities were obtained via the website ancestry.com, which afforded access to the Social Security Death Index, and the fraudulent tax returns were filed in close proximity to the individuals' deaths to help conceal the fraud.

In addition, Glover filed fraudulent tax returns in 2008, 2009 and 2010 in her own name, for a total fraudulent tax refund of $20,937.00. Glover also has an extensive history of theft- and fraud-related crimes, including grand theft, petit theft, five separate convictions for uttering a forged check and convictions for obtaining property for worthless check, using a counterfeit payment instrument and cheating by passing worthless checks.

At sentencing, the district court granted the government's U.S.S.G. § 5K1.1 motion and departed downward from the advisory guidelines range of 84 to 105 months to 66 months based on Glover's substantial assistance.

The district court then stated that it had considered Glover's role in the offense and "all of the circumstances," and that "there are factors that cut each way." The district court noted that Glover had a "difficult background," with a mother who had a gambling problem and an abusive father, but she also had a significant criminal history involving fraud-related crimes. The district court

6

stressed the seriousness of Glover's offense, stating that Glover had abused the tax system, which created the infrastructure supporting the U.S. economy and relied on honest tax returns to function successfully.  The district court likened Glover's offense to "walking into the government office and taking money out of the till." The district court explained that "[w]hen people can steal 300,000 or more dollars in a couple of years with a whole lot less work than it takes to do it honestly, there has to be a punishment for it."  The district court stated that while it did not "like sentencing a parent to prison," a "substantial" sentence was appropriate under all the circumstances.  The district court also stated that it had considered all of the § 3553(a) factors and, while it was "not going to go through each of the 3553(a) factors" separately if the parties wanted the court "to address anything specifically, [the court will] do it."

In short, the district court considered the § 3553(a) factors and concluded that a 66-month sentence, to be served consecutively to Glover's unexpired state sentence, was the appropriate sentence.  In light of the seriousness of Glover's tax-fraud conspiracy and her extensive criminal history of other fraud-related offenses, we cannot say the district court abused its discretion in running Glover's 66-month federal sentence consecutive to her three-year state sentence.

**AFFIRMED.**